**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peggy A. Petri, | No. CV 10-2477-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Doc. 31). The Court now rules on the Motion.

**I.    BACKGROUND**

In November 2010, Plaintiff filed an appeal from a denial of her application for Social Security disability benefits. Plaintiff specifically identified three grounds that were the basis of her appeal: (1) the Residual Functional Capacity Assessment stated by the Administrative Law Judge (the "ALJ") did not meet legal standards; (2) the ALJ failed to articulate sufficient reasons to justify the decision on the benefit, and (3) the ALJ failed to weigh subjective complaint reporting and medical source opinion evidence. (*See* Doc. 27).

In ruling on Plaintiff's appeal, the Court found that (1) the ALJ erred in step four in relying on the Vocational Expert's testimony regarding Plaintiff's past relevant work (Doc. 27 at 8); (2) the ALJ articulated sufficient reasons justifying the decision on the benefit (Doc.

1  27 at 10); and (3) the ALJ appropriately weighed Plaintiff's subjective complaint reporting
2  and medical source opinion evidence (Doc. 27 at 14,15).

3  Based on these findings, the Court reversed the ALJ's decision and remanded for
4  further proceedings. Specifically, the Court found that, at step four, the ALJ needed to hear
5  additional testimony from a Vocational Expert regarding Plaintiff's past relevant work. The
6  Court instructed that, after the ALJ made a determination as to past relevant work, the ALJ
7  should ensure compliance with the additional requirements of a step four analysis. (Doc. 27
8  at 8).

9  Plaintiff now seeks $6,661.29 in attorney's fees under the Equal Access to Justice Act
10 ("EAJA"), 28 U.S.C. § 2412(d).

11 **II.    LEGAL STANDARD**

12 On a motion for attorney's fees and costs pursuant to the EAJA, a prevailing party is
13 entitled to attorney's fees unless the government's position was substantially justified or
14 special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Perez-*
15 *Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). Under the EAJA, the government's
16 position includes both its litigating position and the action or failure to act by the agency
17 upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). Furthermore, the Supreme
18 Court has defined "substantially justified" as "justified to a degree that could satisfy a
19 reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (affirming Ninth
20 Circuit's holding that substantially justified means having "a reasonable basis both in law and
21 fact"); *see Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) ("The Commissioner is
22 'substantially justified' if his position met 'the traditional reasonableness standard–that is
23 justified in substance or in the main, or to a degree that could satisfy a reasonable person.'").
24 The government bears the burden of showing that its position was substantially justified.
25 *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Gonzales v. Free Speech Coal.*, 408 F.3d
26 613, 618 (9th Cir. 2005).

27 Further, the Court must consider both (1) whether the underlying conduct of the ALJ
28 was substantially justified and (2) whether the Commissioner's litigation position defending

- 2 -

the ALJ's error was substantially justified. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001).

### III. ANALYSIS

#### A. Whether Plaintiff is entitled to an Award of Fees under the EAJA.

There is no dispute that Plaintiff is the prevailing party within the meaning of the EAJA in this case. *See Gutierrez*, 274 F.3d at 1257 (stating that "[a]n applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). Rather, the primary issue before the Court is whether the Commissioner's position in defending the underlying action was substantially justified.

> Where the Commissioner defends "basic and fundamental errors," his defense often lacks substantial justification. *Corbin v. Apfel,* 149 F.3d 1051, 1053 (9th Cir. 1998). Defense of an administrative law judge's (ALJ's) failure to comply with laws or regulations also lacks substantial justification. *See Gutierrez v. Barnhart,* 274 F.3d 1255, 1259–60 (9th Cir. 2001). On the other hand, where resolution of the case turns on the weight and evaluation of the evidence . . . the Commissioner's defense of the ALJ's findings ordinarily is substantially justified. *See Lewis v. Barnhart,* 281 F.3d 1081, 1084, 1086 (9th Cir. 2002).

*O'Neal v. Astrue,* 466 F. App'x. 614, 615, 2012 WL 122359, at *1 (9th Cir. 2012).

In this case, the Court found that the ALJ did articulate sufficient reasons justifying the decision and the benefit, and appropriately weighed the Plaintiff's subjective complaint reporting and medical source opinion evidence.  However, the ALJ relied on the testimony of the Vocational Expert to determine that the Plaintiff was not precluded from performing the demands of her past relevant work as a Compliance Officer, although it was unclear from the Record what evidence the Vocational Expert was relying on to determine that such work was past relevant work. As such, the Court found that the ALJ's step four finding was inadequate and remanded the matter to hear more testimony from a Vocational Expert regarding Plaintiff's past relevant work.

The Commissioner argues that the ALJ's position and the Commissioner's defense of that position were substantially justified because the Plaintiff did not object to the Vocational

- 3 -

1  Expert's opinion at the hearing nor raise any issues before the ALJ, making it reasonable for
2  the ALJ to rely on the Vocational Expert's testimony. Specifically, the Commissioner points
3  out that the number, 186117090, and the job used by the Vocational Expert to refer to the
4  position of Compliance Officer has been used in various agency documents, despite the fact
5  that the *Dictionary of Occupational Titles* (DOT) does not contain any matches for that
6  number. The Commissioner cannot account for any discrepancies between versions of the
7  *DOT*, and does not know when the *DOT* was changed. Thus, the Commissioner argues, it is
8  unjust to blame the ALJ for the error, because it was reasonable for the ALJ to rely on the
9  Vocational Expert's opinion. Additionally, the Vocational Expert conflated the Plaintiff's past
10 work as a Financial Aid Officer and Compliance Officer, but without an objection from the
11 Plaintiff, it was reasonable for the ALJ to rely on the Vocational Expert's testimony. As such,
12 the Commissioner argues that it was reasonable for the Commissioner to take the position that
13 there was no error.

14 In Reply, Plaintiff argues that the Court found that the ALJ erred at step four in finding
15 that the Plaintiff can perform her past work as a Compliance Officer, and thus, the
16 Commissioner has not made a strong showing that its position was substantially justified.
17 Likewise, Plaintiff argues that the Commissioner was not substantially justified in defending
18 this procedural error. Plaintiff further argues that the step four finding was based on the
19 testimony of the Vocational Expert, who relied on a *DOT* number that does not exist, but the
20 Commissioner does not explain how he is substantially justified in relying upon this
21 testimony.

22 The Court found that the ALJ's step four finding, that Plaintiff's work as a Financial
23 Aid Officer and Compliance Officer constitute past relevant work that she is currently capable
24 of performing, was "inadequate" and "leaves an open question as to whether [Plaintiff] could
25 perform past relevant work on a function-by-function basis." (Doc. 27 at 8, 10). However, the
26 Commissioner's defense of the ALJ's findings ordinarily is substantially justified if the
27 "resolution of the case turns on the weight and evaluation of the evidence." *O'Neal*, 466 F.
28 App'x. at 615. Here, the ALJ was substantially justified in relying on the Vocational Expert's

- 4 -

testimony because it was reasonable, and turned on the weight of the evidence to the ALJ presented by the Vocational Expert. The ALJ provided sufficient reasons justifying the decision and the benefit, and appropriately weighed the Plaintiff's subjective complaint reporting and medical source opinion evidence.  Further, the Commissioner was reasonable in defending the ALJ's decision, which turned on the weight of the evidence.

Accordingly, Plaintiff is not entitled to attorneys' fees under the EAJA.

### IV.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Attorneys' Fees (Doc. 31) is denied.

DATED this 2nd day of October, 2012.

James A. Teilborg
United States District Judge